UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| United States of America,  )<br>                    )<br>     Plaintiff,  )<br>  vs.                )<br>                    )<br>Ralph V. Sayer and        )    Civil No. 2:04-CV-00057-GC<br>Lola K. Sayer,            )<br>                    )<br>     Defendants,    )<br>                    )<br>Estates of H. Milton Keene & Clara O. Keene,  )<br>Franklin Savings Bank,    )<br>Giles Simard,         )<br>S.C.A. De Lac Megantic Lambton,  )<br>Camp Milling Company, Inc.,   )<br>Town of Canton,       )<br>Robert Reisner,       )<br>Wiles Funeral Homes, Inc.,    )<br>Frank Sargent and     )<br>P.A. Lessard Feed, Inc.,  )<br>                    )<br>     Parties-In-Interest.  ) | |

## AMENDED JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on promissory notes, mortgages, and security agreements, and defendants, Ralph V. Sayer and Lola K. Sayer, and parties-in-interest, The Estates of H. Milton Keene and Clara O. Keene, Town of Canton, Robert Reisner, Wiles Funeral Home, and P.A. Lessard Feeds, Inc., having filed answers; and parties-in-interest, Franklin Savings Bank, Giles Simard, S.C.A. DeLac Megantic Lambton, Camp Milling Company, Inc., and Frank Sargent having been defaulted; and

This Court by Order, dated September 13, 2004 (Docket No. 73), Affirming the Recommended Decision of the Magistrate Judge (Docket No. 66) having granted the

United States' Motion for Default Judgment against parties-in-interest, Franklin Savings Bank, Giles Simard, S.C.A. DeLac Megantic Lambton, Camp Milling Company, Inc., and Frank Sargent and having granted the United States' Motion for Summary Judgment against parties-in-interest, The Estates of H. Milton Keene and Clara O. Keene, Town of Canton, Wiles Funeral Home, and P.A. Lessard Feeds, Inc., and having granted the United States' Motion for Summary Judgment against the defendants, Ralph V. Sayer and Lola K. Sayer, except for one remaining issue and having granted the United States' Motion for Summary Judgment against party-in-interest, Robert Reisner, except for two remaining issues; and

     This Court by Order, entered on April 6, 2005 (Docket No. 130), Adopting and Affirming the Magistrate Judge's Recommended Decision (Docket No. 124) having granted the United States' Motion for Summary Judgment Concerning One Remaining Issue against the defendants, Ralph V. Sayer and Lola K. Sayer; and

     This Court by Order, entered on April 6, 2005 (Docket No. 131), Adopting and Affirming the Magistrate Judge's Recommended Decision (Docket No. 123) having granted the United States' Motion for Summary Judgment Concerning Two Remaining Issues against party-in-interest, Robert Reisner; and

     The United States Court of Appeals for the First Circuit, by Judgment entered on June 13, 2006 and filed with this Court on June 23, 2006 (Docket No. 154), having ordered, adjudged and decreed that the original Judgment of the District Court ordering foreclosure is vacated but only insofar as it includes foreclosure of the real property and that the balance of the original Judgment of the District Court is affirmed; and

The Mandate of the United States Court of Appeals for the First Circuit having been entered with this Court on August 28, 2006 (Docket No. 155); this Court having dismissed the United States' claim for foreclosure of the subject real property by Order entered on August 28, 2006 (Docket No. 156); and

It appearing from the Declaration of Michael Dennison that Ralph V. Sayer and Lola K. Sayer are neither infants nor incompetents, nor in the military service of the United States; now, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. Ralph V. Sayer and Lola K. Sayer have breached the conditions of plaintiff's promissory notes, mortgages and security agreements.

2. The United States' foreclosure action against the real property, as described in the complaint and as described in the real estate mortgages executed by Ralph V. Sayer and Lola K. Sayer and recorded in the Oxford County Registry of Deeds in Volume 945, Page 252; Volume 1126, Page 085; and Volume 1185, Page 157 respectively, is dismissed.

3. The United States' foreclosure action against the personal property, which is the subject to this action and Amended Judgment, is as described in the complaint and as described in the Security Agreements executed by Ralph V. Sayer and Lola K. Sayer and secured by the UCC filings with the Secretary of State and in the Oxford County Registry of Deeds.

4. There is due the United States, Farm Service Agency, the total amount of $171,416.01, as of November 2, 2004, plus interest accruing thereafter to the date of

judgment at the total rate of $15.2376 per day, plus any advances made thereafter under the terms of the mortgages and security agreements plus costs. The total amount due as of November 2, 2004 consists of: (a) $80,230.00 in principal and $50,062.16 in interest for a total of $130,292.16, with a per diem interest accrual of $10.9904, on Loan 41-18, formerly secured by real property, and (b) $23,849.81 in principal and $17,274.04 in interest for a total of $41,123.85, with a per diem interest accrual of $4.2472, on Loan 44-19, secured by the personal property.

     5.     On Loan 41-18, formerly secured by real property, the plaintiff United States of America shall recover of the defendants, Ralph V. Sayer and Lola K. Sayer, the amount of $80,230.00 in principal and $50,062.16 in interest for a total of $130,292.16, as of November 2, 2004, with a per diem interest accrual of $10.9904 to the date of this Amended Judgment; and, pursuant to 28 U.S.C. § 1961, post-judgment interest from the date of entry of judgment at the legal rate until paid in full. Upon payment in full by the defendants of this obligation, the United States shall file a Satisfaction of this Judgment Obligation with the Clerk of the Court.

     6.     Concerning Loan 44-19, Ralph V. Sayer and Lola K. Sayer shall deliver possession of the secured personal property to the United States within forty-five (45) days of the entry of this Amended Judgment.  A representative of the Farm Service Agency, Department of Agriculture, on behalf of the United States, shall sell the secured personal property at public sale pursuant to the requirements of 28 U.S.C. Sections 2001, 2002, and 2004, 14 M.R.S.A. Sections 6323 and 6324, and this Amended Judgment.  Failure by the defendants to turnover all such personal property will result in

the United States being granted a Writ of Possession to seize such personal property for the purposes of the public sale.

7. The Marshal shall deliver a bill of sale conveying the personal property to the purchaser on behalf of the United States. The bill of sale shall convey the personal property free and clear of all interests of Ralph V. Sayer and Lola K. Sayer, and any person who may have acquired an interest in the personal property.

8. From the proceeds of the sale of the personal property, the Marshal shall first pay all costs including the costs and expenses of sale; then he shall pay the United States, Farm Service Agency, the principal amount due on its loan and security instruments of $23,849.81, plus interest in the amount of $17,274.04 through November 2, 2004, for a total of $41,123.85, plus interest from that date through the date of judgment at the per diem rate of $4.2472, plus any advances made thereafter under the terms of the security agreements and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit; next, he shall hold any surplus funds in escrow pending further order of this Court concerning distribution of the surplus funds.

9. Reports of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk of this Court.

10. The United States is entitled to seek a deficiency judgment against Ralph V. Sayer and Lola K. Sayer for any and all amounts remaining unpaid on Loan 44-19 after the sales of the personal property.

Dated: October 10, 2006
     Portland, Maine                      /s/ Gene Carter
                                            Hon. Gene Carter
                                            Senior U.S. District Court Judge